UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal No.** |
| | : | 19-mj-00266 (DAR) |
| v. | : | |
| | : | |
| ANDREW ROBERTSON, | : | **VIOLATION:** |
| | : | 18 U.S.C. § 1341 (Mail Fraud) |
| Defendant. | : | |

## INFORMATION

The United States Attorney charges that:

### Introduction

At all times material to this Information:

1. Firm A was an international law firm with offices located throughout the United States, Asia, and Europe, including an office in Washington, D.C. and an office in Northern Virginia. The firm had over 1,000 lawyers who advised clients across a range of industries and practices. Within the law firm, there were also administrative assistants and managers who helped maintain and support day-to-day operations and general office upkeep.

2. The defendant ANDREW ROBERTSON was employed by Firm A as an office operations manager for Firm A's Washington, D.C. and Northern Virginia offices. ROBERTSON's responsibilities included purchasing and approving purchase orders for new office supplies, renovations, and office catering.

3. Firm A issued to ROBERTSON a firm Bank of America Purchasing Credit Card (hereinafter "P-card") that he was instructed to use for purchases made for the law firm in connection with his law firm duties and responsibilities.

## COUNT 1

4. Paragraphs 1 through 3 of this Information are hereby re-alleged.

5. From in or about February 2017 through in or about November 2018, within the District of Columbia and elsewhere, the defendant ANDREW ROBERTSON devised and intended to devise a scheme to defraud and to obtain money and property from Firm A by means of materially false and fraudulent pretenses, representations, and promises. That is, ROBERTSON used his firm-issued P-card to make over $400,000 in unauthorized personal purchases from retailers, unauthorized payments of personal expenses, and unauthorized payments to his own personal PayPal account. ROBERTSON attempted to cover up these unauthorized transactions by creating and submitting fraudulent invoices and accounting classifications to Firm A's billing department to make it seem as though these expenditures were for legitimate law firm purposes, when, in fact, he knew that these expenditures were solely for his own personal benefit.

6. For the purpose of executing and attempting to execute the above-described scheme to defraud, ROBERTSON did knowingly cause to be delivered into the District of Columbia, by commercial interstate carrier, certain proceeds of this scheme. ROBERTSON regularly used the Firm A P-card to make purchases from retailers of purely personal items that he arranged to be delivered to his personal residence, in the District of Columbia, via Federal Express, a commercial interstate carrier.

7. On or about January 3, 2018, for the purpose of executing and attempting to execute the above-described scheme to defraud, ROBERTSON placed an order via the online retail website www.Amazon.com for one pair of Prada Men's Khakis Stretch Straight Leg Jeans, size US 36 IT 52. The item cost $264.98. Although this was a personal purchase, ROBERTSON paid for the item using his Firm A P-card. ROBERTSON directed Amazon to deliver the item to his personal residence in the District of Columbia. The item was delivered to ROBERTSON's personal

residence, in the District of Columbia, via Federal Express, a commercial interstate carrier. ROBERTSON later submitted to the Firm A billing/accounting department a false and fraudulent receipt for this purchase that made it seem as though the purchase was for a legitimate Firm A business expense.

**(Mail Fraud, in violation of Title 18, United States Code, Section 1341).**

**FORFEITURE ALLEGATION**

1.  Upon conviction of the offenses alleged in Count One, the defendant ANDREW ROBERTSON shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other prope1iy that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c)).**

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney

BY: _____
        KATHRYN L. RAKOCZY (DC 994559)
        Assistant United States Attorney
        U.S. Attorney's Office
          for the District of Columbia
        Public Corruption & Civil Rights Section
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 252-6928 / (202) 740-3245
        Kathryn.Rakoczy@usdoj.gov