UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 21-209 (CKK) |
| | : | |
| ANDREW ROBERTSON | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby provides the Court with its memorandum in aid of sentencing. Based on the advisory sentencing guidelines set forth by the United States Sentencing Commission and the factors in 18 U.S.C. § 3553(a), the government recommends a sentence of 41 months of incarceration, which is at the low end of the applicable sentencing guideline range, the consent forfeiture money judgment entered by this Court following the defendant's guilty plea, and special assessments in the amounts listed below.

## PROCEDURAL HISTORY

On April 21, 2021, the defendant Andrew Robertson ("defendant") pleaded guilty to one count of Mail Fraud, in violation of 18 U.S.C. § 1343. Through his guilty plea, the defendant admitted that, between February 2017 and November 2018, while serving as an office operations manager for an international law firm's offices in Northern Virginia and Washington, D.C., he used his firm-issued corporate credit card to make $425,000 in unauthorized personal purchases from retailers, unauthorized payments of personal expenses, and unauthorized payments to his own personal PayPal account. The defendant attempted to cover up these unauthorized transactions by creating and submitting fraudulent invoices and accounting classifications to the

1

law firm's billing department to make it seem as though these expenditures were for legitimate law firm purposes, when, in fact, he knew that these expenditures were solely for his own personal benefit.  Sentencing is scheduled for August 16, 2021.

## ARGUMENT

Because of brazen and calculated way the defendant abused the trust of his employer and stole hundreds of thousands of dollars, and because this is at least the second time the defendant has committed an offense of this type, the Court should impose a sentence that includes a significant period of incarceration.

**I.      The Probation Officer Correctly Calculated the Advisory Sentencing Guideline Range.**

The sentencing enhancements under the advisory sentencing guidelines are the following:

| U.S.S.G. Section | Levels | Justification |
| --- | --- | --- |
| 2B1.1(a) | 7 | This is the Base Offense Level for offenses with 20 years' or more statutory maximum imprisonment. |
| 2B1.1(b)(1)(G) | 12 | The amount of money obtained through the defendant's fraudulent use of the law firm credit card was more than $250,000 but less than $550,000. |
| 3B1.3 | 2 | The defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the wire fraud offense.  As an office operations manager, the defendant was entrusted with use of the company's corporate credit card for purchasing and approving purchase orders for new office supplies, renovations, and office catering.  He abused this trust by utilizing the corporate credit card to make purely personal expenditures, and then misled his employer about the nature of the expenditures by submitting false and fraudulent invoices and receipts. |
| 3E1.1(a) | -2 | The defendant has clearly demonstrated acceptance of responsibility for the offense. |

| 3E1.1(b) | -1 | The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. The defendant also expressed his interest in pleading guilty before the preliminary hearing in this matter; the plea was only delayed because of the pandemic and to allow his counsel sufficient time to review the discovery and plea offer with him. Accordingly, the offense level should be decreased by one additional level. |
|---|---|---|
| TOTAL | 18 | |

Based upon a total offense level of 18 and a criminal history category of IV,[1] the guideline imprisonment range is 41 to 51 months.[2]

## II.   The Factors Under 18 U.S.C. § 3553(a)

When weighing the § 3553(a) factors as part of its calculus of an appropriate sentence, the Court should consider not only the nature and circumstances of the offense and the history and characteristics of the defendant, but also the applicable sentencing objectives—that is, that the sentence: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed educational or vocational training and medical care.  *See* 18 U.S.C. § 3553(a)(1) and (2).

---

[1] As noted in the Presentence Investigation Report ("PSR") at ¶ 97, the parties calculated a lower criminal history score and category because the parties did not realize the defendant's supervision for a prior offense was ongoing at the time he committed the instant offense. The parties estimated that Mr. Robertson's criminal history category would be III, and his estimated guidelines range would be 33 to 41 months of incarceration.  The government's current sentencing recommendation of 41 months would have fallen within this range.

[2] *See* PSR at ¶ 93.

For nearly a year-and-a-half, the defendant funded a lavish lifestyle that included designer clothing, jewelry, and expensive furniture, in violation of corporate policies, and covered up this scheme by submitting fraudulent invoices and receipts. The defendant was hired by the law firm in early February 2017. Within a week of joining the firm, he was issued a corporate credit card. The terms and conditions of the credit card, which were provided to the defendant when he was issued the card, provided that users were only permitted to use the card to purchase items for law firm purposes. The terms and conditions specifically forbade use of the company card for personal purchases, stating in pertinent part: "The Bank of America Purchasing Card should be used for business-related purchases that are for the office or firm operations, such as payment for supplies or equipment, catering, business development events, attorney recruiting related expenses and fees."

Despite these warnings, from approximately April 2017 through October 2018, the defendant used his firm-issued credit card to make over $110,000 in personal purchases that he was not authorized to make, including but not limited to:

   a. Approximately $90,000's worth of items from the online retailer Amazon.com (hereinafter "Amazon");

   b. Over $12,000's worth of home furnishings from the retailer Crate & Barrel;[3]

   c. A $1,279 media console from the retailer Williams & Sonoma;

---

[3] Exhibit 1 to this sentencing memorandum includes a list of purchases made by the defendant on his law firm credit card from Amazon.com and Crate and Barrel during the April 2017 through October 2018 time period.

    d.  Almost $5,000 in groceries over the course of about 36 orders through InstaCart, a website and application that enables users to place grocery delivery orders online; and

    e.  Roughly $1,200 in groceries over the course of about ten orders through FreshDirect, a similar website and application that enables users to place grocery delivery orders online.

The defendant used his position as an office operations manager to approve the fraudulent invoices that he created to cover up the personal nature of these expenditures. This investigation has determined that the defendant sometimes copied and pasted lists of items purchased from receipts he truly received into templates of old invoices received by the firm from legitimate vendors for legitimate purchases. On other occasions, the defendant would take an email receipt from a company like Amazon, and he would change the description of "items purchased" to sound like office supplies, and he would change the delivery address to the firm's address instead or his own personal address. A sample of such fraudulent invoices from Amazon, compared with the actual invoices, is included with this Sentencing Memorandum as Exhibit 2.[4] The defendant would tend to classify these items on invoices and in the law firm's accounting records as "office supplies" or "catering" expenses.

The defendant also used his firm-issued credit card to make unauthorized payments for his personal expenses. For example, he used the card to make over $45,000's worth of charges to pay for storage units for his own personal items. The defendant claimed that these expenses were for

---

[4] The government is seeking leave to file this exhibit under seal because, in order to show how the defendant doctored some of the receipts, the government must show the law firm name and address that the defendant fraudulently inserted as the shipping address, as well as the defendant's address to which he actually shipped the items.

the storage of the law firm's office furniture; however, law firm personnel have told law enforcement that the firm did not utilize these storage units. Similarly, the defendant used the corporate credit card to make over $5,000 in payments to Verizon for his personal Verizon bills. Law firm personnel have confirmed that the defendant was not authorized to use law firm funds to pay his personal Verizon bills. The defendant used fraudulent invoices and accounting codes to cover up the personal nature of these expenditures, as well.

Finally, between August 2017 and November 2018, the defendant used the firm credit card to transfer approximately $272,000 to his own personal PayPal account. PayPal is a company based in San Jose, California, which operates a digital payments platform. Among other services, PayPal provides a way for users to make electronic financial payments and monetary transfers online. Using the PayPal website, the defendant made almost 100 transactions where his law firm credit card was charged for an amount that was then credited to his personal PayPal account (according to records from PayPal, the account user is listed as "Andrew Robertson" with the defendant's known date of birth, and almost immediately after each of these transactions charging the law firm credit card to credit this PayPal account, an almost identical amount was transferred out of the PayPal account and into a personal Bank of America checking account in the defendant's name. A copy of the law firm accounting records and defendant's Paypal records, showing these transactions, is attached to this memorandum as Exhibit 3.

The defendant attempted to cover up this portion of the fraud by once again creating false invoices and making false entries in accounting software. For these approximately $272,000 in transactions, the defendant submitted invoices and accounting entries that suggested that these payments were for the firm's catering bills from Catering Company 1. In fact, records provided by Catering Company 1 to law enforcement show that the company provided services to the law firm

on only about seven occasions from January 2017 through December 2018, for a total of about $12,000. To further try to conceal this scheme, PayPal records show, the defendant changed the account information associated with his personal PayPal account to mimic the name and address of Catering Company 1.

Disturbingly, this is not the first time the defendant has perpetrated a scheme of this nature. As detailed in the PSR, the defendant stole approximately $700,000 from a prior employer, and he did so by submitting fake invoices.  Perhaps knowing this history would prevent him from obtaining his job with the law firm at issue in the instant case, the defendant used a social security number that was off by one digit in his employment application, and even submitted a W-2 from prior employment that had been doctored to change his social security number by one digit.  A copy of the record submitted by the defendant compared to the true record is enclosed with this sentencing memorandum as Exhibit 4.[5]

Because prior encounters with the criminal justice system did not deter the defendant from engaging in the exact same type of scheme to defraud a subsequent employer, the government submits that a significant period of incarceration is appropriate.  Because of the defendant's immediate willingness to accept responsibility in this case, and because of his age and medical issues referenced in the PSR, the government is asking for a sentence at the low end of the applicable Sentencing Guidelines range; however, the government would submit that this is the lowest appropriate sentence to account for those concerns.

---

[5] Because the non-fraudulent version of these records includes the defendant's true social security number, the government is also seeking leave to file this exhibit under seal.

### III.     Restitution, Forfeiture, and Special Assessments

####     A.  Restitution

For the mail fraud charge to which the defendant pleaded guilty, restitution is governed by 18 U.S.C. § 3663A, as pecuniary loss has been suffered by an identifiable victim.  As discussed above, the parties have agreed that the loss in this case was $425,000.  However, the law firm victim in this matter had insurance that covered most of this loss; the law firm had to pay a large deductible, but if the Court were to order restitution to cover that deductible, the law firm would be obligated to remit such payment to its insurer.  Accordingly, the government is not asking the Court to order the defendant to pay any restitution in this matter.

####     B.  Forfeiture

This Court entered a Consent Order of Forfeiture in the amount of $425,000 at the time of the guilty plea.

####     C.  Special Assessments

The defendant was found guilty of one federal felony charges, and thus owes $100 in special assessments on these counts.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court impose a sentence of 41 months of incarceration, to be followed by 36 months of supervised release, with a forfeiture judgment and special assessment.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
for the District of Columbia

By: _____
KATHRYN L. RAKOCZY
Assistant United States Attorney
D.C. Bar No. 994559
555 Fourth Street, N.W., Room 5239
Washington, DC 20530
Kathryn.Rakoczy@usdoj.gov
(202) 252-6928

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, a copy of the foregoing sentencing memorandum has been sent via electronic case filing to: David Bos, counsel for the defendant.

_____
Kathryn L. Rakoczy
Assistant U.S. Attorney

9